UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **JOSE VAZQUEZ, Individually and on behalf of all others similary situated,** | Civil Action No. _1:20-cv-11343 |
| Plaintiff, | JURY TRIAL DEMANDED |
| vs. | |
| **SLSCO LTD., a Texas Limited Partnership,** | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. 216(b) |
| Defendant. | |
| / | CLASS ACTION PURSUANT TO FED.R.CIV.P. 23(b) |

## COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff, JOSE VAZQUEZ brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members" or "Plaintiff and the FLSA Collective Members"), who worked for SLSCO LTD. ("Defendant" or "SLSCO"), anywhere within the United States or its territories, at any time during the last three years through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b), and the Labor Transformation and Flexibility Act, which amended provisions of 29 L.P.R.A. §§271 *et. seq*.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, while his Massachusetts and North Carolina claims are asserted as class actions under Federal Rule of Civil Procedure 23(b)(3).

1

# I.
# OVERVIEW

1. Defendant provides disaster relief services nationwide, following natural disasters such as hurricanes and tornados, and man-made disasters like oil spills, gas leaks and explosions.

2. Defendant has "led and executed response efforts on some of the most notable disasters in recent years, including Hurricanes Florence, Harvey, Maria, Irma, Ike, Katrina, Rita, Dolly, Irene, and Superstorm Sandy." *See* https://www.slsco.com/response-division.

3. Defendant has worked on projects in Florida, Texas, Louisiana, New York, South Carolina, Pennsylvania, Puerto Rico and North Carolina, among others in recent years.

4. Due to the emergency nature of the work it contracts to do for local, state and federal governments, as well as private companies, Defendant demands that its employees, like Plaintiff work exorbitant hours, sometimes 80 or more hours in a workweek.[1]

5. Defendant failed to pay Plaintiff and those similarly situated the legally-mandated one and one-half times their regular hourly rate for every hour that was worked over eight (8) in a day and/or forty (40) in a given workweek.

6. This lawsuit includes both a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and class actions pursuant to the laws of Massachusetts and North Carolina, and Federal Rule of Civil Procedure 23, to recover unpaid wages, unpaid overtime wages, and other applicable interest, penalties, costs and fees.

---

[1] On one such emergency contract, the MEMA/Columbia Gas contract, Defendant acknowledges:

> Over 100 personnel were engaged on the project, and **worked [ ] around the clock** with subcontractors, responders and utility employees to provide safe and comfortable service to shelter occupants.

https://www.slsco.com/mema-columbia-gas-emergency (emphasis added)

7. Plaintiff and the Putative Class Members are those similarly situated laborers who have worked for Defendant following natural disasters throughout the United States, within the relevant statutes of limitations through the final disposition of this matter, and have not been paid for all hours worked nor the correct amount of overtime in violation of the FLSA and various state and commonwealth wage and hour laws.

8. Specifically, Defendant has enforced a uniform company-wide policy wherein it does not pay overtime premiums as required by law. Rather, all laborers in the defined classes are paid either: (a) day rates without overtime compensation for those hours worked in excess of eight in a day or forty hours in a given workweek; or (b) hourly, with straight time overtime rather than time and one half for overtime hours.

9. Pursuant to its common "no overtime" pay scheme, Defendant failed to pay Plaintiff and the Putative Class Members one and one-half times their regular hourly rate for each hour worked over 8 in a day or 40 in a week.

10. Defendant's company-wide policy has caused Plaintiff and the Putative Class Members to have hours worked that were not properly compensated.

11. Although Plaintiff and the Putative Class Members have routinely worked in excess of eight (8) hours per day and forty (40) hours per workweek, Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of eight (8) hours per day and forty (40) hours per workweek.

11. Defendant has knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members the proper amount of overtime on a routine and regular basis in the last three years.

12. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all damages owed under the laws of Massachusetts, North Carolina and Puerto Rico, as class actions pursuant to Federal Rule of Civil Procedure 23.

13. Plaintiff prays that all similarly situated workers (FLSA Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

14. Plaintiff also prays that the Massachusetts and North Carolina Rule 23 classes be certified as defined herein, and that Plaintiff Vazquez designated herein be named as Class Representative for the state-law classes.

## II.
## THE PARTIES

15. Plaintiff JOSE VAZQUEZ ("Vazquez") was employed by Defendant in Puerto Rico, Massachusetts and North Carolina during the relevant time period as a laborer.

16. Plaintiff did not receive the correct amount of overtime compensation for all hours worked in excess of eight (8) hours per day or forty (40) hours per workweek.[2]

17. The FLSA Collective Members are those current and former laborer employees who were employed by Defendant at any time during the last three years through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Vazquez worked i.e. a day rate without overtime compensation and/or straight-time pay for overtime rather than time and one half.

---

[2] The written consent of Jose Vazquez is attached as **EXHIBIT A**.

18. The Massachusetts Class Members are current and former laborer employees who were employed by Defendant in Massachusetts at any time from the three years prior to the filing of this Complaint through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff worked and was paid, namely Defendant's day-rate only scheme.

19. The North Carolina Class Members are current and former laborer employees who were employed by Defendant in North Carolina at any time from the three years prior to the filing of this Complaint through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff worked and was paid, namely Defendant's straight-time overtime scheme.

20. Defendant SLSCO LTD. is a Texas limited partnership, authorized to do business and doing business in Massachusetts, among other states.

21. Defendant is headquartered in Galveston, Texas.

22. Defendant simultaneously serves customers nationwide, directly and through various divisions, subsidiaries and affiliates, however constituted.

23. Defendant had gross annual revenues in excess of $500,000.00 per annum in all years relevant to the instant claims.

24. Defendant is a covered employer under the FLSA and acted as such in relation to Plaintiffs and the Putative Class Members.

25. The unlawful acts alleged in this Complaint were committed by Defendant and/or Defendant's officers, partners, agents, employees, or representatives, while actively engaged in the management of Defendant's business or affairs and with the authorization of the Defendant.

## III.
## JURISDICTION & VENUE

26. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

27. This Court has supplemental jurisdiction over the additional state and commonwealth-law claims pursuant to 28 U.S.C. § 1367.

28. Defendant maintains office locations "along the Gulf and East Coasts," so that it is "strategically positioned to mobilize immediately and react to disasters of any nature." *See* http://slsco.com/response-division.

29. At times relevant hereto, Defendant employed "[o]ver 100 personnel" within this District and maintained an office location within this judicial district for the purpose of coordinating its disaster relief work following the Columbia Gas explosion, and employed over 100 personnel.

30. Thus, Defendant is subject to the general jurisdiction of this Court with regard to all claims herein.

31. A significant portion of the acts and omissions complained of occurred within this District, because they arose from Defendant's failure to pay legally mandated overtime to its workers who provided disaster relief services in Massachusetts, following the Columbia Gas explosion.

32. Thus, Defendant is subject to the specific jurisdiction of this Court with regard to all claims herein.

33. Venue is proper in the District of Massachustts because this is a judicial district in which the Defendant's are authorized to conduct business and in fact conduct business.

34. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

35. In order to fulfill its various Contracts, Defendant advertises for labor positions nationwide.

36. Plaintiff and the Putative Class Members responded to the job advertisements and underwent a pre-employment screening, filed an application for employment, underwent a background check, and attended a new hire orientation, all conducted by Defendant.

37. At each location, Plaintiff and those similarly situated were/are offered and paid either a day rate or an hourly rate.

38. From June 2018 until July 2018, Plaintiff was employed by Defendant as a laborer in Puerto Rico.

39. Throughout the time Plaintiff was employed in Puerto Rico, and at times prior to and subsequent thereto, Defendant paid Plaintiff and those similarly situated "straight time" or their regular hourly rates, without overtime premiums, when they worked in excess of 8 hours per day and/or 40 hours per week.

40. From November 2018 until December 2018, Plaintiff was employed by Defendant as a laborer in and around Boston, Massachusetts.

41. Throughout the time Plaintiff was employed in Massachusetts, and at times prior to and subsequent thereto, Defendant paid Plaintiff and those similarly situated solely day rates, without overtime premiums when they worked in excess of 40 hours per week.

42. From March 2019 until April 2019, Plaintiff was employed by Defendant as a laborer in and around Lumberton, North Carolina.

43. Throughout the time Plaintiff was employed in North Carolina, and at times prior to and subsequent thereto, Defendant paid Plaintiff and those similarly situated solely day rates, without overtime premiums when they worked in excess of 40 hours per week.

44. Upon information and belief, regardless of the location of the job/contracts on which Defendant employed laborers within the relevant time periods, Defendant paid all laborers under the same scheme, namely it paid laborers either day rates only or paid them solely their regular hourly rates ("straight time"), without overtime premiums when they worked in excess of 40 hours per week.

45. Plaintiff and the putative class members have not been properly compensated for all the hours they worked for Defendant as a result of Defendant's corporate policy and practice of whereby it fails to pay legally-mandated overtime compensation.

46. As a result of Defendant's corporate policy Plaintiff and the putative class members were not compensated for all hours worked, including all worked in excess of eight (8) per day or forty (40) in a workweek at the rates required by the FLSA and Massachusetts, North Carolina, and/or Puerto Rico law.

47. Defendant has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

48. Defendant is aware of its obligation to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of eight (8) per day and forty (40) each week to Plaintiff and the putative class members, but has failed to do so.

49. Because Defendant did not pay Plaintiff and the putative class members time and a half for all hours worked in excess of eight (8) per day and/or forty (40) in a workweek,

Defendant's pay policies and practices violate the FLSA as well as the laws of Massachusetts, North Carolina, and the Commonwealth of Puerto Rico.

**C.     COLLECTIVE ACTION ALLEGATIONS**

50.     All previous paragraphs are incorporated as though fully set forth herein.

51.     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Defendant's employees hired to perform disaster relief work anywhere in the United States or its territories within the last three years, who have been similarly situated to Plaintiff with regard to the manner in which they were paid.

52.     Other similarly situated employees of Defendant have been victimized by Defendant's patterns, practices, and policies, which are in willful violation of the FLSA.

53.     The FLSA Collective Members are defined as:

**ALL LABORER EMPLOYEES WHO WERE EMPLOYED BY SLSCO, AT ANY TIME FROM JULY 15, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER ANYWHERE IN THE UNITED STATES OR ITS TERRITORIES. ("FLSA Collective Members").[3]**

54.     Defendant's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Defendant, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

55.     Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

56.     All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid proper overtime premiums for all hours worked in excess of forty (40) hours per workweek.

---

[3] The FLSA Collective is not intended to include any person who has opted in to *Avila v. SLSCO, Ltd.*, 3:18-cv-00426, currently pending in the Southern District of Texas.

57. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

58. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendant will retain the proceeds of its violations.

59. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

60. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 62 and notice should be promptly sent.

**D.   CLASS ACTION ALLEGATIONS**

<u>**MASSACHUSETTS CLASS**</u>

61. Plaintiff brings his Massachusetts Claims as class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by the Defendant in Massachusetts since July 15, 2017.

62. Class action treatment of Plaintiff and the Massachusetts Class Members' claims is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

63. The number of Massachusetts Class Members is so numerous that joinder of all class members is impracticable.

64. Plaintiff is a member of the Massachusetts Class, his claims are typical of the claims of the other Massachusetts Class Members, and he has no interests that are antagonistic to or in conflict with the interests of the other Massachusetts Class Members.

65. Plaintiff and his counsel will fairly and adequately represent the Massachusetts Class Members and their interests.

66. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Specifically, some of the questions of law common to the Class that predominate over individual questions affecting solely individual members, include, but are not limited to the following:

   a. Whether paying "day rates" with no overtime premium compensation violates Massachusetts Law;

   b. Whether Defendant violated Massachusetts law by failing to pay overtime wages to the Plaintiff and Massachusetts Class Members;

   c. Whether Plaintiff and the Massachusetts Class Members are entitled to overtime pay;

   d. Whether Defendant made and maintained accurate records of all time worked by Plaintiff and the Massachusetts Class Members;

   e. Whether Plaintiff and the Massachusetts Class Members are entitled to treble and/or liquidated damages;

67. Accordingly, the Massachusetts Class should be certified as:

**ALL DAY RATE LABORER EMPLOYEES WHO WERE EMPLOYED BY SLSCO IN MASSACHUSETTS, AT ANY TIME FROM JULY 15, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Massachusetts Class" or "Massachusetts Class Members").**

**NORTH CAROLINA CLASS**

68. Plaintiff brings his North Carolina Claims as class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by the Defendant in North Carolina since July 15, 2017.

69. Class action treatment of Plaintiff and the North Carolina Class Members' claims is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

70. The number of North Carolina Class Members is so numerous that joinder of all class members is impracticable.

71. Plaintiff is a member of the North Carolina Class, his claims are typical of the claims of the other North Carolina Class Members, and he has no interests that are antagonistic to or in conflict with the interests of the other North Carolina Class Members.

72. Plaintiff and his counsel will fairly and adequately represent the North Carolina Class Members and their interests.

73. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Specifically, some of the questions of law common to the Class that predominate over individual questions affecting solely individual members, include, but are not limited to the following:

   a. Whether paying "day rates" with no overtime premium compensation violates North Carolina Law;

   b. Whether Defendant violated North Carolina law by failing to pay overtime wages to the Plaintiff and North Carolina Class Members;

   c. Whether Plaintiff and the North Carolina Class Members are entitled to overtime pay;

   d. Whether Defendant made and maintained accurate records of all time worked by Plaintiff and the North Carolina Class Members;

   e. Whether Plaintiff and the North Carolina Class Members are entitled to treble and/or liquidated damages;

74. Accordingly, the Massachusetts Class should be certified as:

**ALL DAY RATE LABORER EMPLOYEES WHO WERE EMPLOYED BY SLSCO IN NORTH CAROLINA, AT ANY TIME FROM JULY 17, 2020, THROUGH THE FINAL DISPOSITION OF THIS MATTER.** ("North Carolina Class" or "North Carolina Class Members").

## CAUSES OF ACTION

### COUNT ONE
(Collective Action Alleging FLSA Violations)

75. Defendant violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

76. Defendant knowingly, willfully, and with reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty each week. 29 U.S.C. § 255(a).

77. Defendant knew or should have known its pay practices were in violation of the FLSA.

78. Defendant is comprised of sophisticated parties and is a sophisticated employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

79. Upon information and belief, Defendant's contracts under which the subject work was performed explicitly required Defendant to comply with the FLSA, and Defendant was required to certify its compliance with the FLSA each week to the entities with whom they contracted for the work.

80. Defendant's violations of the FLSA were committed in reckless disregard of their obligations thereunder and their obligations under the various contracts under which they performed the subject work.

81. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Defendant to pay them according to the law.

82. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**COUNT TWO**
**(Massachusetts Class Action)**

83. Claimant hereby incorporates and realleges the allegations contained in paragraphs 1 through 67, above.

84. Vazquez, on behalf of himself and the Massachusetts Class, further brings this action pursuant to Fed. R. Civ. P. 23(b)(3) for back wages, interest and treble damages under Mass. G. L. c. 151, §§ 1A, 1B., *et. seq.*

85. Mass. G. L. c. 151, §1B provides that employers who willfully or with reckless indifference to the rights of their employees fail to pay the overtime wages required by G. L. c. 151, §1A shall be liable in a civil action brought by an aggrieved employee for three times the unpaid overtime wages owed by the employer.

86. Defendant violated Mass. G. L. c. 151, §1A by failing to pay Plaintiff and those similarly situated one and one-half times his regular rate of pay for hours worked in excess of forty during each workweek.

87. Defendant's violations of Mass. G. L. c. 151, § IA were repeated, willful and intentional.

88. Plaintiff has been damaged by said violations of Mass. G. L. c. 151, §1 A.

89. Pursuant to Mass. G. L. c. 151, §§1A, 1B, Defendant is liable to Plaintiff and the Massachusetts Class for three times their unpaid overtime compensation, plus their attorneys' fees and costs.

## COUNT THREE
### (North Carolina Class Action)

90. Claimant hereby incorporates and realleges the allegations contained in paragraphs 1 through 60 and paragraph 68 through 74, above.

91. Vazquez, on behalf of himself and the North Carolina Class, further brings this action pursuant to Fed. R. Civ. P. 23(b)(3) for back wages, interest and liquidated damages under N.C. G.S. 95-25.4.

92. Defendant violated N.C. G.S. 95-25.4 by failing to pay Plaintiff and those similarly situated one and one-half times his regular rate of pay for hours worked in excess of forty during each workweek.

93. Defendant's violations of N.C. G.S. 95-25.4 were repeated, willful and intentional.

94. Plaintiff has been damaged by said violations of N.C. G.S. 95-25.4.

95. Pursuant to N.C. G.S. 95-25.4, Defendant is liable to Plaintiff and the North Carolina Class for their unpaid overtime compensation, liquidated damages, interest, and statutory penalties, plus their attorneys' fees and costs.

## COUNT FOUR
### (Violations of Puerto Rico Law)

96. Claimant hereby incorporates and realleges the allegations contained in paragraphs 1 through 60, above.

97. It is unlawful under Puerto Rico law for an employer to suffer or permit a nonexempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek or more than 8 hours in one day.

98. In fact, Article II, Section 16 of the Puerto Rico Constitution provides that no worker shall work more than eight hours per day, and 29 L.P.R.A. § 273(a) defines overtime as "hours that an employee works for an employer in excess of eight (8) hours during any calendar day."

99. Defendant violated Article II, Section 16 of the Puerto Rico Constitution and 29 L.P.R.A. § 273(a), by regularly and repeatedly failing to properly compensate Plaintiff for all his compensable overtime actually worked and failing to do so in the time required by the Constitution and 29 L.P.R.A. § 273 (a). "The right of every employee to choose his occupation freely and to resign therefrom is recognized, as is his right to equal pay for equal work, to a reasonable minimum salary, to protection to his health or person in his work or employment, and to an ordinary workday which shall not exceed eight hours. An employee may work more than this daily limit only if he is paid extra compensation as provided by law, at a rate never less than one and one-half times the regular rate at which he is employed."

100. Defendant willfully failed to pay overtime to Plaintiff.

101. Defendant willfully, regularly and repeatedly failed to pay Plaintiff and the Puerto Rico Commonwealth Class Members at the required overtime rates of one and one-half times his

regular rates of pay for hours worked in excess of eight (8) hours per day or forty (40) hours per workweek.

102.    As a result of Defendant's willful violations of the applicable Puerto Rico Labor Laws, Plaintiff is entitled to recover their respective unpaid compensation, liquidated damages (double damages), as provided for by the Puerto Rico Labor Law, attorneys' fees and costs, pre- and post- judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## RELIEF SOUGHT

103.    Plaintiff respectfully prays for judgment against Defendant as follows:

a.    For an Order certifying the FLSA Collective and social security numbers of all putative collective action members;

b.    For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c.    For an Order pursuant to section 16(b) of the FLSA finding the Defendant liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d.    For an Order certifying the Massachusetts Class pursuant to F.R.C.P. 23, designating Plaintiff as the Class Representative of the Massachusetts Class, and designating undersigned counsel as Class Counsel;

  e. For an Order certifying the North Carolina Class pursuant to F.R.C.P. 23, designating Plaintiff as the Class Representative of the North Carolina Class, and designating undersigned counsel as Class Counsel;

  f. For a Declaratory Judgment that the practices complained of herein are unlawful under the FLSA;

  g. For an Injunction against the Defendant and their officers, partners, agents, successors, employees, representatives and any and all persons in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

  h. For an Order pursuant to Massachusetts wage laws awarding the Plaintiff and the Massachusetts Class all damages allowed by law;

  i. For an Order pursuant to North Carolina wage laws awarding the Plaintiff and the North Carolina Class all damages allowed by law;

  j. For an Order pursuant to the Puerto Rico wage laws Plaintiff all damages allowed by law;

  k. For an Order awarding the costs and expenses of this action;

  l. For an Order awarding attorneys' fees;

  m. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

  n. For an Order awarding Plaintiff a service award as permitted by law;

  o. For an Order compelling the accounting of the books and records of the Defendant, at Defendant's expense; and

p.  For an Order granting such other and further relief as may be necessary and appropriate.

Date: July 16, 2020

Respectfully submitted,

By: **/s/ Kelsey Raycroft Rose**
 Kelsey Raycroft Rose
 **MORGAN & MORGAN, P.A.**
 12 Ericsson St, Suite 2F
 Boston, MA 02122
 Telephone: (857) 383-4903
 Facsimile: (857) 383-4928
 Email: kraycroftrose@forthepeople.com

-and-

Andrew R. Frisch[4]
**MORGAN & MORGAN, P.A.**
8151 Peters Road, Suite 4000
Plantation, FL 33324
Telephone: (954) WORKERS
Facsimile: (954) 327-3013
Email: afrisch@forthepeople.com

*Attorneys for Plaintiff and the Putative Collective and Class Members*

---

[4] Frisch intends to seek *pro hac vice* admission.

19